United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Edgar J. Dietrich,　　　　　　　　　　　　　　　　　　Case No. 08-68294-R
　　　　　　　Debtor.　　　　　　　　　　　　　　　　Chapter 7
_____/

Peter K. Tiernan, M.D.,
　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　Adv. No. 09-5540

Edgar J. Dietrich,
　　　　　　　Defendant.
_____/

Opinion Regarding Parties' Cross-Motions for Summary Judgment

On January 6, 2010, the defendant, Edgar J. Dietrich, filed a motion for summary judgment as to Counts I and II of this adversary complaint. The plaintiff, Peter Tiernan, filed a response and counter-motion for summary judgment. The Court has determined that a hearing on the motions is not necessary.

In Count I of the complaint, Tiernan seeks a determination of nondischargeability under 11 U.S.C. § 523(a)(4) due to Dietrich's alleged fraudulent act of representing himself as a licensed attorney when he no longer was. Dietrich contends that he was not a fiduciary for purposes of § 523(a)(4). Tiernan acknowledges that Dietrich was not acting in a fiduciary capacity for purposes of § 523(a)(4), *see Carlisle Cashway, Inc. v. Johnson* (*In re Johnson*), 691 F.2d 249, 251-52 (6th Cir. 1982), but argues that such is not required when alleging fraud under § 523(a)(4).

The Court must reject Tiernan's argument. The phrase "while acting in a fiduciary capacity" modifies both the fraud and defalcation exception. *See Int'l Beauty Prods., LLC* (*In re Beveridge*),

416 B.R. 552 (Bankr. N.D. Tex. 2009). Accordingly, Count I for a determination of nondischargeability under § 523(a)(4) is dismissed.[1]

In Count II of the complaint, Tiernan seeks a denial of the discharge pursuant to § 727(a) due, in part, to Dietrich's alleged false statements on his schedules. Dietrich moves for summary judgment, arguing that these were honest mistakes.

Tiernan also seeks summary judgment as to this count. Tiernan does not identify the subsections of § 727(a) upon which he is relying. However, he appears to seek denial of the discharge under § 727(a)(2) for Dietrich's alleged transfer of his Canadian property; under § 727(a)(4)(A) due to Dietrich's alleged false statements on his schedules and to the Court; and under § 727(a)(5) due to Dietrich's alleged failure to explain his loss of assets.

The Court must conclude that there are genuine issues of material fact precluding summary judgment on these issues. Accordingly, both motions for summary judgment are denied.

Not for Publication
**Signed on February 04, 2010**

                     **/s/ Steven Rhodes**
                     **Steven Rhodes**
                     **United States Bankruptcy Judge**

---

1. Tiernan's motion alternatively seeks a determination of nondischargeability under § 523(a)(6). However, this was not included in his complaint.